UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARDEN CITY EDUCATION
ASSOCIATION, on its own behalf
and on behalf of all Garden City
teachers, and JUANA COZZA and
ROBERT NUTT,

        Plaintiffs,                No. 12-cv-14886

vs.                                    Hon. Gerald E. Rosen

SCHOOL DISTRICT OF THE
CITY OF GARDEN CITY,

        Defendant.
_____/

ORDER DENYING PLAINTIFFS' MOTION
FOR RELIEF FROM FINAL JUDGMENT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on _____

        PRESENT:   Honorable Gerald E. Rosen
                               United States District Chief Judge

This matter is presently before the Court on the Fed. R. Civ. P. 60 "Motion for Relief from Final Judgment," filed by Plaintiffs on December 9, 2013. In this motion, Plaintiffs seek reconsideration of the Court's September 30, 2013 Opinion and Order and accompanying Judgment in which the Court granted Defendant's motion for judgment on the pleadings and dismissed Plaintiffs' Complaint, in its entirety, with prejudice. Though

1

Plaintiffs do not specify in their Rule 60 Motion the subsection of the rule upon which they rely, as Plaintiffs contend that the Court committed legal error in concluding that they lacked statutory standing to bring a claim for violation of M.C.L. § 380.1249, Plaintiffs evidently are relying on Rule 60(b)(1), which provides for relief from judgment on the basis of " 'mistake, inadvertence, surprise or excusable neglect' " and governs instances where the mistake was based upon legal error. *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir.2007) (quoting Fed. R. Civ. P. 60(b)(1)).

While the Sixth Circuit permits a party to pursue a claim of legal error in a motion brought under Rule 60(b)(1), such a motion "based on legal error must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers of America Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir.2007) (citation omitted). In the Sixth Circuit's view, "[t]he interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would have been asserted on appeal." *Pierce*, *supra* 770 F.2d at 452. *See also Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983) (a 60(b) motion "cannot be used to avoid the consequences of a party's decision ... to forego an appeal from an adverse ruling."); *McMillan v. Mbank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) ("A motion for relief under Rule 60(b)(1) is not a substitute for the ordinary method of redressing judicial error -- appeal.")

The normal time for filing a notice of appeal is 30 days after entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(A). Here, Plaintiffs waited more than two months after the September 30 ruling to seek relief under Rule 60(b). Accordingly, Plaintiffs' motion must be denied as untimely filed.[1]

For these reasons,

---

[1] In any event, Plaintiffs' motion for relief from judgment is based on their flawed contention that in *Lansing Schools Education Association v. Lansing Board of Education* 487 Mich. 349, 792 N.W.2d 686 (2010), the Michigan Supreme Court overruled *Miller v. Allstate Ins. Co.*, 481 Mich. 601, 75 N.W.2d 463 (2010), and, therefore, this Court erred in relying upon *Miller* in ruling that Plaintiffs lacked statutory standing to pursue their action. Plaintiffs fail to recognize the distinction between *statutory* standing and constitutional standing, the former being the standing addressed in the portion of the *Miller* decision upon which this Court relied (and which is not addressed, at all, in the *Lansing Schools* case). In fact, in determining that Plaintiffs lacked statutory standing in this case, the Court made clear that did not rely on the "case-or-controversy" standing requirement of Article III of the U.S. Constitution, which was the focus of the *Lansing Schools* decision. The Court specifically recognized that "[u]nder Michigan jurisprudence, a party asserting the violation of a statute may have constitutional standing to assert a claim yet lack statutory standing to do so. 'That is, a party that has constitutional standing may be precluded from enforcing a statutory provision, if the Legislature so provides.'" 9/30/13 Opinion and Order at p. 9 (quoting *Miller v. Allstate Ins. Co.*, 481 Mich. 601, 607; 75 N.W.2d 463 (2008)). *See also Whitehead v. Federal Nat. Mortgage Ass'n*, 2013 WL 5353050 at * 2-3 (E.D. Mich. Sept. 24, 2013) ("Article III standing is established when there is a 'concrete,' 'particularized,' and 'actual' injury that 'is fairly traceable to the challenged action of' the defendants and capable of being 'redressed by a favorable decision'." *Id*.) Though there may be no serious dispute that Plaintiffs have Article III standing in this case, statutory standing presents a separate issue. *See El–Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429–30 (6th Cir. Jan.7, 2013) (although plaintiff's action may be precluded by operation of Michigan state law, Article III's standing doctrine is not implicated). Accordingly, the Court did not err in failing to apply the *Lansing Schools* ruling concerning constitutional standing.

3

IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Final Judgment **[Dkt. # 28]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 23, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 23, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135
